IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JOHN T. BRAUN, MD<br><br>Plaintiff,<br><br>v.<br><br>MEDTRONIC SOFAMOR DANEK, INC.,<br><br>Defendants. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:10-cv-1283<br><br>United States District Court<br>Judge Robert Shelby<br><br>Magistrate Judge Dustin Pead |

Currently pending before the Court, pursuant to Paragraph six (6) of the parties' Stipulated Protective Order, is Plaintiff John T. Braun's (Dr. Braun) Motion For Ruling On Medtronic Sofamor Danek Incorporated's (Medtronic) Re-designation Of Documents (Document Number 206).[1]

## Background

In July of 2012, Medtronic began its initial production of documents in this case. Document production continued through November 2012, during which time more than 89,000 pages of documents were produced. Thereafter, on February 28, 2013, Medtronic issued a letter informing Dr. Braun that it intended to re-designate 567 of its documents, consisting of over 10,409 pages, to "Attorney Eyes Only" (AEO)----the highest designation possible under the

---

[1] The parties' Stipulated Protective Order provides that if a party objects to a designation and the parties are unable to mutually resolve the objection, the objecting party "may apply for a ruling from the Court determining whether the materials in question are properly designated under the terms of the Protective Order." (Document Number 51, ¶6).

parties' Stipulated Protective Order (Document Number 206-1).[2]  Along with the letter, Medtronic provided Dr. Braun with two CD-ROMs containing the re-designated documents. (Document Number 217-1).

Through his currently pending motion, Dr. Braun objects to re-designation of the produced documents, arguing that Medtronic waived its right to alter its designations and that any re-designation, at this point, would be highly prejudicial and place an undue burden upon Dr. Braun (Document Number 206).  Medtronic counters that the documents at issue qualify for AEO status, and therefore any burden placed upon Dr. Braun is outweighed by the harm that Medtronic could suffer from the disclosure of its confidential and sensitive business information (Document Number 217).

## Analysis

The parties' Stipulated Protective Order does not address the re-designation of documents, nor provide any guidance on the timing for, or waiver of, re-designations (Document Number 51).  While Dr. Braun argues that because re-designation is not contemplated under the

---

[2] To qualify for AEO designation, a document must "contain confidential, commercially sensitive information, or proprietary information related to any of the following:  (1) sensitive technical information, including current research, development, and manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products, (4) competitive business information, including nonpublic financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other confidential information the disclosure of which to the qualified persons listed in paragraph 8a and b, but not 9a, the producing party reasonably and in good faith believes would likely cause harm, including information in written, oral, electronic, graphic, pictorial, audiovisual, or other form, whether it is a document, information contained in a document, item produced for inspection, information revealed during deposition, information revealed in an interrogatory answer or otherwise (Document Number 51, ¶2).

Order it is not permitted, the Court disagrees.  Further, the Court finds that there is no challenge to the re-designation of documents per se since Dr. Braun does not allege that, based upon their content, the documents do not qualify for AEO status.   Instead, Dr. Braun argues on procedural grounds, that re-designation, at this juncture, is improper and prejudicial.  Finding that there is no objection to Medtronic's assertion that the relevant documents contain information relating to strategies, pricing information, market analyses, projects under development and other sensitive commercial information, the Court concludes that, based upon content, the documents qualify for and should be re-designated as AEO.

In so ruling, the Court is not unsympathetic to the burden placed upon Dr. Braun as a result of Medtronic's failure to initially designate the documents as AEO.  Medtronic waited nearly four months--- from the time of Tommy Carls' November 5, 2012, deposition when Medtronic alleges that it first became aware of the re-designation issue, to February 28, 2013, the day that Medtronic informed Dr. Braun it would be re-designating documents---before advising Dr. Braun that it intended to re-designate over 10,000 pages of documents (Document 217-4). And, while Medtronic notes that over half of the documents at issue were produced as recently as February 1, 2013, Dr. Braun still had four weeks within which to review, rely upon and incorporate those documents into his case preparation before he was notified of the re-designation.

Accordingly, the Court is persuaded that any burden stemming from untimely re-designations should be borne by Medtronic as the designating party (Document Number 217). The Court hereby orders that Dr. Braun submit an itemized statement of costs associated with re-

designation of the produced documents.[3]  The itemization should be detailed and specifically describe work done and expenses generated that are related to re-designation of the relevant documents to AEO status.  Upon consideration, the Court shall rule accordingly and require Medtronic to pay for *reasonable* costs directly associated with Dr. Braun's re-designations.

### Order

1.  Dr. Braun's Motion For Ruling On MSD's Re-designation Of Documents, requesting that all re-designations be deemed improper and that the initial designations for the documents at issue be retained is DENIED (Document Number 206).

2.  Dr. Braun is Ordered to provide a statement of costs to the Court related to his re-designation efforts.  The statement should be detailed and specifically describe work done and expenses related to re-designation of the relevant documents to AEO.  After consideration, the Court shall rule accordingly.

DATED this 1st day of May, 2013.

_____
Dustin Pead
United States Magistrate Judge

---

[3] Dr. Braun's predicts that re-designation will require him to: identify over 10,000 pages of documents, determine how the document has been used or relied upon, determine which deposition exhibits have been re-designated, substitute a re-designated version of the documents, and re-create trial preparation or other documents that incorporate information in a way that conforms with the new designation (Document Number 221).