IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JOHN T. BRAUN, MD<br><br>Plaintiff,<br><br>v.<br><br>MEDTRONIC SOFAMOR DANEK, INC.,<br><br>Defendants. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:10-CV-1283<br><br>United States District Court Judge Robert Shelby<br><br>Magistrate Judge Dustin Pead |

Pursuant to the Court's May 17, 2013, Order (doc. 242), Plaintiff Dr. John T. Braun ("Dr. Braun") currently applies to reopen the depositions of Troy Drewry and Michael Sherman (doc. 263). Defendant Medtronic Sofamor Danek, Inc. ("Medtronic") opposes the application asserting that Dr. Braun fails to present a "significant showing" necessary for reopening the depositions (doc. 275).

## BACKGROUND

On May 1, 2013, District Court Judge Shelby sustained Medtronic's Objection to Judge Pead's Ruling and granted Medtronic leave to add two new affirmative defenses and three new counterclaims related to the ownership of Dr. Braun's inventions (doc. 228).[1]

---

[1] In doing so, Medtronic was given leave to add its thirty-eighth affirmative defense asserting that Dr. Braun's claims are barred because of a breach of express warranties with Medtronic, and its thirty-ninth defense asserting that Dr. Braun did not own the rights to the concepts he disclosed to Medtronic (doc 228). Medtronic was also granted leave to file three new counterclaims for: (1) breach of express warranties because the Air Force, and not Dr. Braun, owned the inventions at the time Dr. Braun licensed them to Medtronic; (2) declaratory judgment holding that the Air Force, and not Dr. Braun, is the lawful owner of the inventions; and (3) declaratory judgment finding that there has been a failure of consideration under the parties' license agreement since Dr. Braun did not own the inventions. *Id.*

Thereafter, on May 17, 2013, Judge Shelby entered a Discovery Order specifically allowing each party to take five depositions and stating that "if either party wishes to reopen any other depositions, that party must apply to the court and present a significant showing why that deposition should be reopened." (doc 242).  In accordance therewith, Dr. Braun filed his pending application to reopen the depositions of Mr. Troy Drewry and Mr. Michael Sherman.  Dr. Braun previously deposed Messrs. Sherman and Drewry on November 6 and November 7, 2012, respectively.

In support of his current application, Dr. Braun asserts that Messrs. Sherman and Drewry are key witnesses who have discoverable information related to Medtronic's counterclaims based upon their interactions with Dr. Braun "during his involvement in the Air Force, through the period of his disclosure of concepts to [Medtronic] and through the period of negotiation and execution of the License Agreement." (doc. 263).  While acknowledging that they were both previously deposed, Dr. Braun asserts that the focus of questioning during the prior depositions was on the procedural aspects, as opposed to the substantive merits, of Medtronic's counterclaims (doc. 263).  Additionally, Dr. Braun argues that the depositions of Messrs. Sherman and Drewry must be reopened in order to question them regarding new documents only recently produced by Medtronic (doc. 263).

Medtronic opposes Dr. Braun's application, arguing that Messrs. Sherman and Drewry were previously deposed on Medtronic's claims and defenses (doc. 275).  Moreover, the recently produced subset of documents that Dr. Braun references only relate to Medtronic's communications with Dr. Ogilvie and have no bearing on the issues raised in Medtronic's counterclaims (doc. 275).  Finally, Medtronic contends that it is unnecessary to reopen these

depositions since Dr. Braun can obtain any additional information he may need through the upcoming deposition of John Pafford, Medtronic's former President of the Thoracolumbar Group and Technology Development, and through the 30(b)(6) deposition of Medtronic.  *Id.*

## ANALYSIS

Upon consideration, the Court finds that Dr. Braun has made a significant showing of cause to reopen the depositions of Messrs. Drewry and Sherman.

In so concluding, the Court finds that Judge Shelby's Ruling granting Medtronic leave to amend its Answer altered the landscape such that it is appropriate to reopen these depositions in order to allow Dr. Braun the opportunity to depose Messrs. Drewry and Sherman on Medtronic's newly added claims and defenses.  At the time of Messrs. Drewry and Sherman's prior depositions, Medtronic's counterclaims were only proposed and consequently Dr. Braun had no reason to comprehensively inquire about the substance of, or defenses to, those unfiled claims.

Additionally, given Messrs. Drewry and Sherman's knowledge of and involvement with Dr. Braun, the Court determines that they are significant witnesses and that to deny Dr. Braun an opportunity to depose these individuals on the substance of Medtronic's claims would be prejudicial.  The prejudice that could result to Dr. Braun outweighs any inconvenience to deponents in having to reopen and reschedule these depositions.  Further, while the Court recognizes that relevant information may be gleaned both through the 30(b)(6) deposition of Medtroinc and through the deposition of Mr. Pafford, the Court concludes that the questioning of Messrs. Drewry and Sherman may likewise shed light on such relevant information and therefore a reopening of their depositions is appropriate.

## ORDER

For these reasons, the Court hereby GRANTS Dr. Braun's Application To Re-open Depositions Of Troy Drewry and Michael Sherman (doc. 263).  Dr. Braun is granted an additional three (3) hours to depose each witness. The Court extends the deadline by which these depositions must be completed to August 30, 2013.

.

DATED this 23rd day of July, 2013.

_____
Dustin Pead
United States Magistrate Judge