IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JOHN T. BRAUN, MD<br><br>Plaintiff,<br><br>v.<br><br>MEDTRONIC SOFAMOR DANEK, INC.,<br><br>Defendants. | MEMORANDUM DECISION<br>& ORDER<br><br>Case No. 2:10-CV-1283<br><br>United States District Court<br>Judge Robert Shelby<br><br>Magistrate Judge Dustin Pead |

This matter was referred to Magistrate Judge Dustin B. Pead by District Judge Robert Shelby pursuant to 28 U.S.C. § 636(b)(1)(A). Currently pending before the Court is Plaintiff's "Expedited Motion To Remove Claimed Privilege Designation" (doc. 284).[1]

The Court concludes that oral argument will not materially assist its resolution of the matter and will therefore determine the issue based on the written memoranda of the parties. *See* DUCivR 7-1(f).

## I.  BACKGROUND

Via letter dated July 19, 2013, Defendant Medtronic Sofamor Danek (Medtronic) informed Plaintiff John T. Braun (Dr. Braun) that during the course of discovery it had inadvertently produced a document, MSD257112-MSD257115, containing material protected under the attorney-client privilege (doc. 287-1). As a result, pursuant to paragraph 2h of the

---

[1] Despite the fact that Plaintiff's Reply Memo was filed on August 22, 2013, Plaintiff has requested that his motion be expeditiously resolved prior to August 28, 2013.

parties' Amended Scheduling Order,[2] Medtronic recalled the privileged document and provided Dr. Braun with a new and redacted copy of the communication (doc. 287-1). Thereafter, Dr. Braun filed his pending motion arguing that the attorney-client privilege designation does not apply and should be removed from the relevant document (doc. 284).

The specific subject of the claimed privilege is a January 8, 1999, letter from Medtronic employee Mike Sherman to Dr. James W. Ogilvie. In the letter Mr. Sherman discusses Medtronic's plans for patenting Dr. Ogilvie's fusionless scoliosis device and relays advice from Medtronic's patent counsel (doc. 287-1) ("I have spoken with our patent attorney and he has offered me the following advice."). Dr. Braun argues that the attorney-client privilege does not apply to the redacted portions of the letter because the communication is between a non-lawyer Medtronic employee, Mike Sherman, and third party Dr. Ogilvie (doc. 284). Medtronic counters that the document is privileged because it "refers to Mr. Sherman's communications with legal counsel and contains legal advice offered to Mr. Sherman." (doc. 284-3). Additionally Medtronic argues that as co-inventors, any information shared between Mr. Sherman and Dr. Ogilvie was part of the "patent prosecution process" and was intended to remain confidential. *Id.*

## II. STANDARD OF REVIEW

"The purpose behind the attorney-client privilege is to preserve confidential communications between attorney and client," *In re Grand Jury Subpoenas,* 906 F.2d 1485, 1492 (10th Cir. 1990), while encouraging the full disclosure of information. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The attorney-client privilege "must be strictly constructed and

---

[2]Paragraph 2(h) of the Amended Scheduling Order provides that a party my recall an inadvertently produced document by giving written notice to the opposing party of the identity of the document and the basis for the privilege (doc. 55).

accepted 'only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth.'" *In re Grand Jury Proceedings,* 616 F.3d 1172, 1183 (10th Cir. 2010) (quoting *Trammel v. United States*, 445 U.S. 40, 50 (1980)). The party asserting the privilege bears the burden of establishing the privilege's applicability. *See In re Grand Jury Proceedings*, 616 F.3d at 1183. Further, "[b]ecause confidentiality is the key to maintaining the attorney-client privilege, a party waives the privilege when he voluntarily discloses to a third party material or information that he later claims is protected." *In re Grand Jury Proceedings*, 616 F.3d at 1184.

### III. ANALYSIS

The parties' dispute revolves around a specific and discrete issue: does the attorney-client privilege apply to the January 8, 1999, letter sent by non-lawyer and Medtronic employee, Mike Sherman, to third party Dr. James Ogilvie? Upon consideration of the document at issue along with the parties' submissions and relevant legal authorities, the Court concludes that Medtronic fails to meet its burden of demonstrating that the document is protected from disclosure under the attorney-client privilege.

The law is established that the attorney-client privilege is waived when information is disclosed to a third party. *See In re Grand Jury Proceedings,* 616 F.3d at 1184; *United States v. Bernard,* 877 F.2d 1463, 1465 (10th Cir. 1989) ("Any voluntary disclosure by the client is inconsistent with the attorney-client relationship and waives the privilege."); Utah R. Evid. 510(a)(1) (providing that a waiver of privilege occurs if the holder of the privilege "voluntarily discloses or consents to the disclosure of any significant part of the matter or communication.").

Here, the Court concludes that Mr. Sherman's disclosure to Dr. Ogilvie, regarding Mr. Sherman's communications with patent counsel, resulted in a waiver of the attorney-client privilege that had attached to the underlying attorney-client communication. Medtronic asserts, however, that despite disclosure to third party Dr. Ogilvie the privilege was not waived because: (1) non-attorney communications can be privileged; and (2) the letter was sent in a "confidential setting" thereby invoking a confidential, co-inventor privilege (doc. 290).

Courts have recognized that the mere "presence or absence of attorney or non-attorney recipients is not determinative of whether a communication is privileged." *Adams v. Gateway, Inc.,* No. 2:02-cv-106-TS, 2003 WL 23787856 at *11 (D. Utah Dec 30, 2003); *see also Gulf Coast Shippers, Ltd. P'ship v. DHL Express (USA), Inc.,* 2011 U.S. Dist. LEXIS 80938, at *13-14 (D. Utah July 15, 2011) (stating that "it is not necessary that an attorney be the author or recipient of the communication for a privilege to exist."). That said, the privilege is limited and while Medtronic correctly asserts that it is not necessary for an attorney to be the author or recipient of a communication, relevant case law establishes that the privilege must be from one employee to another. *See Adams v. Gateway, Inc.,* 2:02-cv-106-TS, 2003 WL 23787856, *11 (D. Utah Dec 30, 2003) (quoting *Cuno, Inc. v. Pall Corp.,* 121 F.R.D. 198, 203 (E.D.N.Y. 1988) (noting that for a non-attorney communication to be privileged "it must be 'apparent that the communication *from one employee to another* was for the purpose of the second employee transmitting the information to counsel for advice' or the document itself must 'reflect the requests and directions of counsel.'" (emphasis added) (quotation omitted). The Court finds that such is not the case here as the January 8th letter is not a communication between co-employees, but a communication between Medtronic employee Mike Sherman and third party Dr. Ogilvie.

4

Accordingly the non-attorney employee communication privilege does not apply.

Although not co-employees, Medtronic further contends that the privilege should be extended to confidential communications between Mr. Sherman and Dr. Ogilvie as co-inventors. Medtronic asserts that implicit in the co-inventor relationship is the understanding that "confidential information must remain confidential because revealing such information jeopardizes the investors' ability to obtain patent protection for the invention." (doc. 290). However, other than these policy based arguments, Medtronic fails to cite to any authority that specifically identifies a "confidential" or "co-inventor" privilege. Further, while the Court is reticent to conclude that such protection could never exist, the Court finds that Medtronic has failed to meet its burden to establish a privilege in this case. While it is true that Mr. Sherman and Dr. Ogilvie may have intended their communications as co-inventors to be private, ultimately their intentions are not determinative as to the issue of whether or not the communication is legally privileged.

## IV. ORDER

Accordingly, for the foregoing reasons, the Court hereby ORDERS that Dr. Braun's "Motion To Remove Claimed Privilege Designation" be GRANTED (doc. 284) and that Medtronic's claimed privilege designation be immediately removed from document MSD257112-MS257115.

DATED this 27th day of August, 2013.

_____
Dustin Pead
United States Magistrate Judge