# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| **JOHN T. BRAUN, MD**<br><br>Plaintiff,<br><br>v.<br><br>**MEDTRONIC SOFAMOR DANEK, INC.,**<br><br>Defendants. | **MEMORANDUM DECISION & ORDER**<br><br>Case No. 2:10-cv-01283<br><br>United States District Court<br>Judge Robert Shelby<br><br>Magistrate Judge Dustin Pead |

Currently pending before the Court is Plaintiff John T. Braun's (Dr. Braun) "Second Motion To Remove Claimed Privilege Designation" in which Dr. Braun seeks to remove Defendant Medtronic Sofamor Danek Incorporated's (Medtronic) privilege designation as to a document MSD257804-MSD257810 (the Document) (doc. 291).

## BACKGROUND

On June 12, 2013, Medtronic produced a communication between Mr. Mike Sherman, Director of Product Development at Medtronic, and outside patent counsel, Mike Beck, entitled "Patent Application Disclosure" (doc. 294-2, sealed). The disclosure is related to a patent application entitled "Device and Method for the Correction of Spinal Deformities through Vertebral Body Tethering Without Fusion." *Id.* The Document was produced in response to Dr. Braun's "Fourth Set of Discovery Requests" as served on Medtronic on May 31, 2013 (doc. 291-4).[1] On June 19, 2013, Medtronic produced the Document again, this time stamped with bates

---

[1] Interrogatory number 42 and Request for Production number 147 of Dr. Braun's Fourth Set of Discovery Requests ask Medtronic to identify and produce its internal invention disclosures for several Medtronic patents (doc. 291-4).

numbers MSD257804-MSD257810.

On June 17, 2013, at the deposition of Mr. John M. Guynn (Mr. Guynn), Medtronic introduced the Document as part of Exhibit 361 (doc. 294-1, sealed).[2]  At that time, Medtronic did not designate its examination of the Document as "Confidential" or "Attorney Eyes Only" (doc. 51).  Thereafter, on August 13, 2013, Medtronic issued a "claw back" letter to Dr. Braun requesting that, pursuant to the parties' Scheduling Order, the Document be recalled as an inadvertently produced, privileged, attorney-client communication (doc. 291-5).

On August 22, 2013, Dr. Braun filed his currently pending motion arguing that Medtronic's disclosure was not inadvertent and therefore the privilege designation should be removed from the Document (docs. 291, 316 ).  In response, Medtronic argues that the Document was inadvertently produced and therefore it should retain privileged status (doc 296).

## STANDARD OF REVIEW

As an initial matter, it is the party asserting a privilege that "bears the burden of establishing its applicability."  *In re Grand Jury Proceedings,* 616 F.3d 1172, 1183 (10th Cir. 2010)*; see also* Parties' Scheduling Order (doc. 55, ¶2.h) ("the disclosing party shall bear the burden of proving that such document is privileged").  A party may waive its claim to privilege if it discloses privileged documents to a third party.  *See In re Grand Jury Proceedings,* 616 F.3d at 1184 ("a party waives the privilege when he voluntarily discloses to a third party material or information that he later claims is protected."); *United States v. Bernard*, 877 F.2d 1463, 1465 (10th Cir. 1989) ("Any voluntary disclosure by the client is inconsistent with the attorney client

---

[2]Exhibit 361 included documents in addition to those at issue here, MSD0257804-MSD0257828 (doc. 291).

relationship and waives the privilege.").

If a privileged document is disclosed, Federal Rule of Evidence 502(b) provides that the disclosure does not operate as a waiver if: "(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable), following Federal Rule of Civil Procedure 26(b)(5)(B)."[3]

**ANALYSIS**

The parties do not substantively dispute that the Document at issue contains a privileged attorney-client communication (doc. 296). What remains at issue, however, is the question of whether Medtronic's production of the Document was inadvertent such that the disclosure does not operate as a waiver of the privilege. Despite its admitted disclosure of the Document, Medtronic asserts two main arguments as to why the privilege should not be waived: (1) Medtronic acted in accordance with the provisions of the parties' Scheduling Order; and (2) pursuant to Federal Rule of Evidence 502(b) the disclosure was inadvertent. The Court addresses each of Medtronic's arguments herein.

**1. Amended Scheduling Order**

Medtronic contends that the terms of the Amended Scheduling Order (Order), and not

---

[3]Federal Rule of Civil Procedure 26(b)(5)(B) states: "if information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved."

Rule 502(b), dictate the procedure for the treatment of inadvertently produced privileged materials (doc. 296). Specifically, Medtronic claims that the Document's privilege is not waived because immediately upon learning of the disclosure Medtronic complied with the Order by sending a letter to Dr. Braun seeking to recall the Document and explaining the basis for the privilege (doc. 291-5).[4]

The Order states, in pertinent part:

Where one party asserts a privilege following production of a document(s) to the opposing party, the producing party may recall the document by giving written notice of the identification of the document and the basis for the privilege or protection asserted. Once the document is recalled, the receiving party must return the document (and all copies) within three (3) business days, without retaining any copy of such document, except as noted below. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.

In keeping with the provisions of Federal Rule of Evidence 502(b) and (d), any inadvertent disclosure of information in this matter expressly does not operate as a waiver of the attorney-client privilege or work-product protection in any other federal or state proceeding so long as the holder of the privilege or protection took reasonable steps to prevent the disclosure and the holder of the privilege promptly took reasonable steps to rectify the inadvertent disclosure including (if applicable) following Fed. R. Civ. P. 26(b)(5)(B). Further, in the event that the producing party's inadvertent disclosure may be challenged by the receiving party, such challenge and any proceedings related thereto, shall not, in and of themselves, operate as a waiver of the attorney client privilege or work product protection in any other federal or state proceeding (doc. 55, ¶2.h).

Upon review, the Court disagrees with Medtronic's assertion that the Order trumps the provisions of Rule 502(b) or is somehow inconsistent therewith. While the Order is clearly designed to govern the procedural aspects of the case, including the procedural mechanism to be

---

[4]Medtronic contends that it did not become aware of the privileged nature of the Document until early August 2013 when Medtronic informed counsel that it was Medtronic's policy to treat Patent Application Disclosures as privileged (doc. 296).

4

utilized for the recall of privileged documents, the Order does not nullify the substantive requirements of Rule 502 or stand for the position that a party in this action cannot waive a privilege or protection. Instead, the Court reads the Order as "keeping with the provisions of Federal Rule of Evidence 502(b)" such that once a party moves to recall a document it is incumbent upon the Court to make a privilege determination that is consistent with applicable privilege law and Rule 502's waiver provisions.[5]

### 2. Federal Rule of Evidence 502(b)[6]

Pursuant to Federal Rule of Evidence 502(b), a privilege is not waived if the Document's disclosure is: (1) inadvertent; (2) if reasonable steps were taken to prevent disclosure; and (3) if reasonable steps were taken to rectify the error. *See* Fed R. Evid. 502(b). "Courts have not established a bright-line rule for determining whether a document was inadvertently produced; instead, courts look at the circumstances surrounding the disclosure." *Judson Atkinson Candies, Inc. V. Latini-Hohberger Dhimantec,* 529 F.3d 371, 388 (7th Cir. 2008) (quoting *Harmony Gold U.S.A. v. FASA Corp.,* 169 F.R.D. 113, 116 (N.D. Ill. 1996)).

In support of its claim that the Document was inadvertently produced, Medtronic points to the extensive nature of discovery– the production of over 267,000 pages of documents— along

---

[5] The Order requires that a motion challenging the designation of recalled documents be filed within seven (7) days of the recall request (doc. 55 ¶2.h). Medtronic argues that Dr. Braun has failed to comply with the Order by filing his motion challenging the Document's designation nine (9) days after Medtronic recalled the Document (doc. 296). Upon review, however, the Court concludes that the service provision of Federal Rule Civil Procedure 6(d) add an additional three days to the time to respond and therefore Dr. Braun's motion, as filed on August 22, 2013, is timely.

[6] Medtronic's second argument appears to be in the alternative; namely, if the Order does not trump the provisions of 502(b), then 502(b) is not applicable either because the disclosure was inadvertent and steps were taken by Medtronic to rectify the disclosure.

with the fact that it has classified another "Patent Application Disclosure" as privileged (doc. 296-1). Additionally, while Medtronic concedes that it mistakenly introduced the Document during the deposition of Mr. Guynn, Medtronic offers to strike that testimony from the transcript (doc. 296, p.5-6). Dr. Braun counters that any claim of inadvertence is contradicted by Medtronic's production of the Document on four separate occasions during discovery and Medtronic's introduction of the Document as an exhibit at Mr. Guynn's deposition (doc. 316).

While the Court is not unsympathetic to the magnitude of discovery in this case, it ultimately finds Medtronic's claim of inadvertence to be untenable. In so concluding, the Court is not singularly persuaded by the volume of Medtronic's productions, including the Document's production one day after seeking its recall, the steps taken to rectify the error, or Medtronic's listing of a similar patent disclosure document on its privilege log.[7] Instead, the Court relies heavily upon the Document's introduction and use at the deposition of Dr. Braun's patent expert, Mr. Guynn. A review of the circumstances surrounding that disclosure leave the Court unable to reconcile the Document's use with Medtronic's inadvertence. Specifically, Medtronic introduced the Document after removing the "attorney eyes only" designation from the deposition transcript and after counsel expressly noted that the Document was part of a communication between Medtronic and outside patent counsel. Medtronic's claim of inadvertence is further undermined by its timely objection to subsequent deposition exhibits on inadvertently produced attorney-client privilege grounds (docs. 316-2, 316-3).

For these reasons, the Court concludes that disclosure of the Document was not

---

[7] The Court notes that Medtronic's listing of another invention disclosure form as privileged occurred after Medtronic produced the Document at issue here (doc. 316).

inadvertent and the attorney-client privilege is waived.

## **ORDER**

The Court hereby GRANTS Dr. Braun's Second Motion To Remove Claimed Privilege Designation and orders that Medtronic's privilege designation be removed from documents MSD257804-MSD257810 (doc. 291) .

                                              DATED this 7th day of October, 2013.

                                              _____
                                              Dustin Pead
                                              United States Magistrate Judge